PATRICK RODDY, APPELLEE, V. MISSOURI PACIFIC RAILWAY
COMPANY, APPELLANT.

FILED MARCH 12, 1912.  No. 16,756.

1. Appeal: ABANDONMENT OF APPEAL. If the petition alleges two dis-
   tinct causes of action and the judgment is for a gross amount
   upon both causes of action, the defendant will not be held to
   have abandoned his appeal to this court from the judgment as
   rendered, although the verdict finds specially upon each cause of
   action and the errors assigned in the brief relate to one cause
   of action only.

2. ———: ABSTRACT. If the party preparing the abstract has not
   given the other party an opportunity to make suggestions as to
   what the abstract should contain, and has purposely or carelessly
   omitted matters material to the determination of the case, and
   such defects are complained of and supplied in an additional
   abstract by the other party, the rules will be construed liberally
   in favor of the party not in fault.

3. Railroads: SETTING OUT FIRE: EVIDENCE. The evidence which is
   stated in the opinion is found to be insufficient to support the
   judgment.

APPEAL from the district court for Otoe county:
LEANDER M. PEMBERTON, JUDGE. _Reversed with direc-
tions._

_F. A. Brogan_ and _B. P. Waggener_, for appellant.

_Thomas F. Roddy_ and _A. A. Bischof, contra._

SEDGWICK, J.

The plaintiff in his petition alleged two causes of action,
and judgment was entered in his favor upon both of
them. The defendant has appealed, and alleges that the
evidence is insufficient to support the judgment upon the
second cause of action. The second cause of action was
for damages caused by a fire which passed over the plain-
tiff's land and injured his trees and perhaps other prop-
erty. It was alleged that this fire was caused by the neg-

ligence of the defendant, and the question is whether this allegation is supported by the evidence.

1. The first objection is that the defendant's motion for a new trial in the district court was properly overruled because it was a joint motion, "being directed to both causes of action in plaintiff's petition." It is recited in the plaintiff's brief that the appellant abandoned its appeal with reference to the first cause of action. The assignments of error in the defendant's brief are wholly with reference to the second cause of action, no errors being assigned directly affecting the first cause of action. This waiving of errors as to one cause of action cannot be said to be an abandonment of the appeal in any respect, and we find nothing in the abstract of the record from which it can be determined that the defendant has abandoned its appeal. In the motion for a new trial the defendant assigned errors in connection with both causes of action. The jury found the amount of plaintiff's damages on each cause of action separately, but the judgment of the court was for the gross amount. No separate judgment was entered on the first cause of action. The appeal was necessarily taken from the judgment as entered. If the court had entered judgment on each cause of action separately, the question might have been presented whether the defendant could appeal from one of those judgments without appealing from the other also. In the condition of this record we do not think that this question is presented. This objection of the plaintiff is not well taken.

2. The plaintiff has discussed in the brief some matters that are not disclosed by the abstract. The abstract was prepared by the defendant, and, if found to be deficient or incorrect in any respect, the plaintiff should have furnished an abstract correcting those defects. If the party preparing the abstract has not given the other party an opportunity to make suggestions as to what the abstract should contain, and has purposely or carelessly omitted matters material to the determination of the case, and such defects are explained in an additional abstract by the

other party, the rules will be construed liberally in favor of the party not in fault. If no objection to the abstract is properly taken, "it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision," as provided in rule 16 (89 Neb. vii). The only exception to this practice is "in felony cases when the question to be presented is as to the sufficiency of the evidence, the abstract may refer to the bill of exceptions with or without abstracting the same as the parties elect."

3. The abstract shows that the land lies along the defendant's railroad right of way, and that the fire originated about 25 or 30 feet from the center of the railroad track to the northeast from the track, and that the wind was blowing in that direction. The evidence in the abstract also shows that the defendant had caused the weeds and grass on its right of way to be mowed and had left them lying on the right of way, and that they were dry and inflammable. It is also shown that soon after the fire originated one of the defendant's trains of cars passed the location. There is no evidence that any train had passed prior to or at the time the fire originated and there is no evidence that any of the defendant's engines were improperly equipped or threw any sparks or fire. Some of the defendant's sectionmen assisted in putting out the fire, and the plaintiff asked a witness upon the stand this question: "Do you know whether or not it is a part of their duty to put out fires that originate adjoining the track? Do you know whether it is part of their employment to extinguish fires that originate near the track?" This was objected to as incompetent, but the objection was overruled, and the defendant answered: "Yes, sir; that's their duty—part of their work." If this question and answer were competent, which may well be doubted, the evidence does not tend to prove that the company's engines started the fire. The fact that a man assists another in extinguishing a fire ought not to be considered as evidence that the fire originated through his fault. To

lend such assistance is no more than right and duty, no matter how the fire originated. It may be that one of the defendant's trains did pass this place at the time the fire originated, and that the engine threw out sparks which caused the fire, but such a supposition is wholly conjectural and not supported by any evidence whatever. Under this evidence conjectures as to an entirely different origin of the fire may be indulged with equal propriety. Judgments cannot be supported by such conjectures, and this judgment is unsupported. The plaintiff is entitled to an affirmance upon remitting the amount found by the jury upon the second cause of action. The judgment as entered is reversed, and the district court will enter a judgment upon the verdict for the amount found upon the first cause of action, and proceed further upon the second cause of action in accordance with this opinion.

REVERSED AND REMANDED.